# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:17-CR-00330-SRB |
| vs. ) | |
| ) | |
| PRESTON L. GILLAM, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT PRESTON GILLAM'S**
**MOTION TO SUPPRESS STATEMENTS**

COMES NOW Defendant, Preston Gillam, by and through his attorney, Terry J. Flanagan, and states to the Court:

1) That there are certain statements, oral and written, or otherwise recorded which the Government, apparently, intends to use in evidence against the Defendant. Some of these statements may have also been retrieved by the Government prior to Defendant's initial arrest in the instant cause through the use of patrol car video, with said recording occurring without Defendant's written consent, approval and/or knowledge;

    A. That, after reviewing the discovery materials provided to Defendant by the Government, counsel is not aware of any statements allegedly made by Defendant by means of written correspondence. However, if such statements exist, Defendant states that said statements are inadmissible in that:

        (1) That such statement or statements were obtained in violation of Defendant's privilege against self-incrimination and his right to counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States

1

Constitution; and

   (2) That said statements obtained by the Government agents were made under duress and response to false assurances by law enforcement and, therefore, was not voluntary.

 B. The reports provided by the Government to Defendant also indicates that statements also indicates that statements are attributed that may not be recorded, specifically statements made during the traffic stop on October 1, 2017 and a subsequent in-person interview on or about October 2, 2017 to Detective Burchfiled.

   (1) That said statements in question were not voluntary, in that the Defendant was not first advised of his Constitutional Rights, namely:

 A. He was not advised in clear equivocal terms of his rights to remain silent prior to any interrogation;

 B. He was not advised that anything he said could and would be used against him in a Court of law;

 C. He was not advised of his right to consult a lawyer and to have a lawyer present with him during the conversation;

 D. He was not advised that a lawyer would be appointed for him if he was indigent;

 E. He did not waive his right to remain silent, or his right to counsel, or his right to have counsel appointed to him.

 WHEREFORE, the premises considered, Defendant Preston Gillam respectfully requests the Court to eneter an order suppressing the use in evidence of all testimony or other evidence relating to or leading from the alleged statements herein.

WHEREFORE, counsel moves this Honorable Court to conduct a hearing upon the alleged issue of the voluntariness of consent, lawfulness and constitutionally as to the manner of obtain said statements as same applies to each statement and that this court suppress all evidence, oral or tangible, allegedly obtained from the Defendant and/or resulting directly or indirectly therefore and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

FLANAGAN & PEEL, P.C.

　　　/s/ Terry Flanagan
Terry J. Flanagan #21648
John W. Peel #49637
133 South 11th Street, Suite 350
St. Louis, Missouri 63102
Ph. (314) 621-3743
Fax. (314) 231-9552
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2018, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court Electronic Filing system upon all counsel.

　　　/s/ Terry Flanagan

3