IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Crim. No. 4:17-CR-00330-SRB-1 |
| | * | |
| PRESTON L. GILLAM, | * | |
| | * | |
| Defendant. | * | |

**REPLY TO THE RESPONSE TO THE
MOTION FOR COMPASSIONATE RELEASE
DUE TO DANGER FROM THE CORONAVIRUS**

_____

COMES NOW, the Defendant herein, PRESTON GILLAM, by and through the undersigned counsel, and submits the following Reply to the United States' Response to the Motion for Release Pending Sentencing. Mr. Gillam does not concede any of his arguments, as they are well founded on fact and law.

The government argues that the Bureau of Prisons (BOP) has taken "significant measures to protect the health of the inmates in its charge." Response at 3. The government goes on to argue that those measures including enacting protocols to "minimize the transmission into and inside its facilities." Response at 4. Mr. Gillam submits that the plan for the coronavirus pandemic has yet to stymie the progress of the coronavirus. Nearly 6,000 federal inmates have contracted the disease as of June 8, 2020.[1] As such, any "plan" from the BOP has been ineffective and ineffectual in stopping the progress of coronavirus within the federal prison system. Note that the government only states that the measures taken by the BOP to combat

1

coronavirus "are designed to sharply mitigate the risks of COVID-19 transmission." Response at 6. The government makes no argument that such measures have actually been successful in any way.

The government cites the BOP's power to release defendants under compassionate release principals, although the government fails to cite to a single case in which said power has been exercised. Response at 7-8. If the BOP was so equipped to deal with the coronavirus, as argued by the government, see Response at 3-5, then one must wonder why Attorney General Barr has labeled the current viral outbreak as necessitating "emergency conditions" within the BOP.[2] These conditions have necessitated expanded release of inmates.[3]

Perhaps realizing that arguing that the BOP has the situation under control is fruitless, the government next attacks the legal basis for Mr. Gillam's motion for release. The government argues that Mr. Gillam has not presented extraordinary and compelling reasons justifying his release as required by 18 U.S.C. § 3582(c). Response at 8. The government argues that Mr. Gillam's pain condition does not justify release in this matter. Response at 9. Said argument by the government belittles Mr. Gillam's physical difficulties, as he also suffers from more than just "pain" but spinal stenosis and respiratory distress, as set forth in the original pleading. As stated in United States v. Perez, 2020 U.S. Dist. LEXIS 57265 (S.D.N.Y. April 1, 2020), and left unrefuted by the government, compassionate release is available to those inmates who have had treatments for pain and other medical complications delayed due to the COVID-19 pandemic.

The government next argues that the district court lacks the power to place Mr. Gillam in

---

[1] https://www.bop.gov/coronavirus
[2] https://www.nytimes.com/2020/04/03/us/politics/barr-coronavirus-prisons-release.html
[3] Id.

home confinement or in a halfway house. Response at 10-11. Mr. Gillam is merely requesting that this Court order the BOP to consider alternatives to the current state of incarceration or, in the alternative, the Court could release Mr. Gillam to supervised release with the condition of home confinement. The government's Response ignores that possibility.

Finally, the government argues that Mr. Gillam remains a danger to the community, given his criminal history. Response at 13. That argument is poppycock. The crimes at issue are not violent. Mr. Gillam admitted his guilt in the offenses at issue, as exhibited by his guilty plea. A total sentence of 96 months incarceration was issued on June 5, 2019. Considering Mr. Gillam's time-in prior to sentencing, Mr. Gillam has already served a significant portion of his sentence, and in so doing has worked at his rehabilitation so that he does not become engaged in criminal activity upon release in this matter. While Mr. Gillam acknowledges that his offense was serious and that a sentence was necessary, the sentence issued was for 96 months, not a death sentence, as could occur should he not be released in this matter.

**WHEREFORE**, in consideration of the foregoing, Mr. Gillam respectfully prays that this Court issue an Order granting his request for compassionate release under whatever circumstances the Court deems appropriate and for any and all other relief this Court deems just and proper upon these premises.

Respectfully submitted,

/s/ David A. Kelly

_____

David A. Kelly, Esq. (#45983)
Attorney for the Defendant
114 Southwest Third Street
Lee's Summit, Missouri 64063
(816) 347-1818
(816) 347-1854 (facsimile)
Dave@mokanlegal.com

### *CERTIFICATE OF SERVICE*

    I hereby certify that a true copy of the foregoing Reply has been sent this 15th day of June, 2020, via the Court's ECF system, which constitutes delivery upon: the Office of the United States Attorney.

/s/ David A. Kelly

_____

David A. Kelly, Esq.
Attorney for the Defendant