# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,     )
     )
     Plaintiff,     )
     )
     v.     )     Case No. 4:17-cr-00330-01-SRB
     )
PRESTON L. GILLAM,     )
     )
     )
     Defendant.     )

## ORDER

Before the Court is Defendant Preston L. Gillam's Motion for Compassionate Release Due to Danger from the Coronavirus (Doc. #54). Defendant argues he should be granted immediate release to home confinement in light of the COVID-19 pandemic. Defendant argues that his medical conditions put him at risk for contracting COVID-19.[1] Defendant argues that he has exhausted administrative remedies. The Government opposes the motion, arguing Defendant has not exhausted administrative remedies and fails to demonstrate extraordinary and compelling circumstances that warrant a sentence modification.

The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment),

---

[1] Defendant asserts that he suffers from bowel perforations, respiratory failure and anemia, facial trauma, spinal stenosis, and mental illness. While Defendant cites to the Presentence Investigation Report issued in his case nearly two years ago, Defendant submits no evidence substantiating his assertion that, or indicating the extent to which, he presently suffers from the stated medical conditions.

after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense of offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A) (emphasis added).  Even assuming Defendant exhausted administrative remedies, a sentence modification is not warranted here.  The Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents.  However, upon considering Defendant's age (44), apparent health conditions, and that Defendant still has 4 years of his prison sentence left to serve, the Court finds no extraordinary and compelling reason to modify Defendant's sentence.

Accordingly, it is **ORDERED** that Defendant Preston L. Gillam's Motion for Compassionate Release Due to Danger from the Coronavirus (Doc. #54) is DENIED.

**IT IS SO ORDERED.**


DATED: June 18, 2020                          /s/ Stephen R. Bough
                                              STEPHEN R. BOUGH, JUDGE
                                              UNITED STATES DISTRICT COURT