# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-00330-SRB-1 |
| ) | |
| PRESTON L. GILLAM, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Preston L. Gillam's ("Defendant") *pro se* Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. #62.) Upon review of the record, Defendant's motion is DENIED.

On March 21, 2018, Defendant pled guilty to Count 1 of an Indictment, which charged him with possession and intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). On June 5, 2019, the Court sentenced Defendant to ninety-six months of imprisonment, to be followed by five years of supervised release. Defendant is currently housed at the medium security federal correctional institution located in Forrest City, Arkansas ("FCI Forrest City"). According to the Government, Defendant's current release date is July 26, 2024.

Defendant filed his first motion for compassionate release on May 29, 2020, arguing his medical conditions put him at risk for contracting COVID-19. (Doc. # 54.) The Court denied Defendant's motion after considering his age, apparent health conditions, and remaining sentence. (Doc. #57.) The Court subsequently denied Defendant's motion to reconsider its denial of his request for compassionate release for the reasons stated therein. (Doc. #59.) In the

instant motion, Defendant again moves for compassionate release, arguing his medical conditions prevent him from providing self-care within the Bureau of Prisons ("BOP"), which cannot provide him with adequate medical care.[1] In his reply brief, Defendant argues that his "conditions of incarceration have changed from over one year ago on May 29, 2020, when Gillam's First [sic] requested Compassionate Release," including contracting COVID-19, worsening memory, and a collapsed nasal bone, among other conditions. (Doc. #64, p. 7.)[2] Defendant also claims his release is necessary so he can take care of his aging mother, and the 18 U.S.C. § 3553(a) factors do not weigh against compassionate release. The Government opposes the motion.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to a compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that

---

[1] Defendant claims he "is in need of a cervical surgery, has been diagnosed with spondylosis osteoarthritis, degenerative cervical myelopathy (DCM), respiratory failure, severe brain injury (TBI) and recently contracted COVID-19," among other medical conditions. (Doc. #62, p. 1.)

[2] Page numbers reference pagination automatically generated by ECF. On May 25, 2021, the Court was informed that Defendant's sister accidently mailed a "rough draft" of the reply brief, followed by a copy of the original reply suggestions. The Court did not consider the rough draft, which was not filed, but instead on the reply breif titled "'Original' Reply to Government's Response." (Doc. #64, p. 2.)

the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020) (citation omitted).

Upon review of the record, the Court again finds no extraordinary and compelling reason to reduce Defendant's sentence. While the Court is sensitive to Defendant's medical conditions, the record does not show that any of Defendant's apparent medical conditions prevent him from providing self-care or from performing daily living activities. The Court further finds Defendant fails to show that the § 3553(a) factors support a release. *See* 18 U.S.C. § 3582(c)(1)(A). The Court commends Defendant for his ongoing rehabilitation efforts and for wanting to take care of his mother, but a compassionate release is not warranted. Lastly, regarding Defendant's complaints about the conditions of his confinement and his medical treatment, the Court notes that the COVID-19 pandemic has placed significant strain on BOP facilities, which has likely affected the medical treatment and living conditions for many prisoners.

Accordingly, it is hereby **ORDERED** that Defendant's *pro se* Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #62) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: May 27, 2021